2019CV03741-12

EFILED
CLAYTON COUNTY, GA
3/31/2021 9:02 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STEPHANIE CAMPBELL, <br><br> Plaintiff, <br><br> v. <br><br> VICTOR HILL, individually and in his official capacity as Sheriff of Clayton County, Georgia, <br><br> Defendant. | **Civil Action File No.** <br><br> **2019-cv-03741-12** |

# FIRST AMENDED COMPLAINT

Plaintiff Stephanie Campbell ("Ms. Campbell") hereby files this First Amended Complaint against the above-named Defendants as follows:

1. This is a complaint for disability discrimination in violation of O.C.G.A. § 34-6A-6 and the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* (the "Rehabilitation Act"). Ms. Campbell also seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1.

2. Pursuant to O.C.G.A. § 34-6A-6, this Court has jurisdiction over Ms. Campbell's claims, and venue is proper in this Court.

3. Plaintiff, Ms. Campbell, is a resident of Clayton County, Georgia and submits to the jurisdiction of this Court. Ms. Campbell was formerly employed by the Clayton County Sheriff's Office (the "CCSO"). This complaint arises from Defendant's failure to modify Ms. Campbell's work schedule on account of her disability, despite allowing such modifications for other non-disabled employees.

4. Defendant Victor Hill is the current Sheriff of Clayton County, Georgia. He is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

5. The CCSO employed Ms. Campbell as a Sheriff Service Clerk at the CCSO's main administration building in Jonesboro, Georgia. Since she began employment with the CCSO in 2013, Ms. Campbell was assigned to the "day shift," which begins at 8:00 a.m. and ends at 4:00 p.m.

6. In late March 2019, Captain Eugene Peterkin ("Peterkin") informed Ms. Campbell that the CCSO would soon be transferring her to the Clayton County jail and that she would also be moved to the "night shift," which begins at 2:00 p.m. and ends at 10:30 p.m.

7. Ms. Campbell has type 1 diabetes. She uses an insulin pump to control the level of insulin in her blood. Ms. Campbell's insulin pump must be programmed according to her daily routine, including her meal and sleep schedules, to ensure it releases the appropriate amount of insulin at the appropriate time. Because of her reliance on an insulin pump, Ms. Campbell cannot make sudden changes to her daily routine, such as changing her work hours from the day shift to the night shift.

8. Therefore, during their conversation in late March 2019, Ms. Campbell explained to Peterkin that she could not switch to the night shift due to her health condition. Ms. Campbell requested that her work schedule remain the same, or as close as possible to her current schedule, to avoid changes to her daily routine. Peterkin responded that he would inquire as to whether Ms. Campbell's request could be

granted and let her know.

9. On April 1, 2019, Ms. Campbell received formal written notice from the CCSO that she was being transferred to the night shift at the jail. The letter stated that such changes were to be implemented immediately.

10. After receiving the April 1st notice, Ms. Campbell immediately requested to take medical leave.

11. On or about April 4, 2019, Peterkin informed Ms. Campbell that her request to remain on day shift or have similar working hours was denied, and that her only option was to work the night shift.

12. Because of her diabetes and reliance on an insulin pump, Ms. Campbell could not endure a sudden change from day shift to night shift without being at risk of serious and life-threatening health consequences. She therefore had no option but to resign from her position on May 1, 2019.

13. Upon information and belief, Defendant Victor Hill was the final decision maker with respect to the denial of Ms. Campbell's request to continue working the day shift or similar hours.

## COUNT ONE – Disability Discrimination

## in Violation of O.C.G.A. § 34-6A-4

14. Plaintiff incorporates the above paragraphs as if fully set forth herein.

15. O.C.G.A. § 34-6A-4(a) provides: "No employer shall . . . discriminate against any individual with disabilities with respect to wages, rates of pay, hours, or other terms and conditions of employment because of such person's disability unless such

disability restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible."

16. Ms. Campbell was fully able to perform the duties and responsibilities of a Sheriff Service Clerk had she been allowed to continue working the day shift or similar hours.

17. The CCSO routinely allows non-disabled Sheriff Service Clerks to modify their work schedules for a variety of reasons, both personal and work-related.

18. Therefore, Defendants violated O.C.G.A. § 34-6A-4 by refusing to allow Ms. Campbell to modify her work schedule as required by her disability.

## COUNT TWO – Punitive Damages under O.C.G.A. § 51-12-5.1

19. Plaintiff incorporates the above paragraphs as if fully set forth herein.

20. As shown above, by knowingly discriminating against Ms. Campbell on account of her disability, Defendants demonstrated "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1.

21. Ms. Campbell is therefore entitled to recover punitive damages for Defendants' conduct under O.C.G.A. § 51-12-5.1.

## COUNT THREE – Violation of the Rehabilitation Act

22. Plaintiff incorporates the above paragraphs as if fully set forth herein.

23. Section 504 of the Rehabilitation Act provides that "no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under" any program or activity that receives Federal

financial assistance.

24. Defendant Hill, in his official capacity as Sheriff of Clayton County, is the recipient of Federal funds and is therefore subject to the anti-discrimination provisions of the Rehabilitation Act.

25. The Rehabilitation Act requires covered employers to reasonably accommodate an employee who is a qualified individual with a disability.

26. The Rehabilitation Act prohibits covered employers from discriminating against an employee due to the employee's disability.

27. Ms. Campbell was a qualified individual with a disability in that she was able to perform the essential functions of her job with reasonable accommodation.

28. Defendant Hill violated the Rehabilitation Act by failing to reasonably accommodate Ms. Campbell's disability.

29. Hill's actions were willful, knowing, malicious, or carried out in reckless disregard for their lawfulness.

30. Defendant Hill is therefore liable for all damages resulting from his violations of the Rehabilitation Act, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

31. Ms. Campbell further seeks an order from this Court under the Rehabilitation Act requiring Defendant Hill to reinstate her, to provide her with reasonable accommodations, and to otherwise cease violating her rights under the Rehabilitation Act.

Based on the above facts, Ms. Campbell demands a jury trial on all triable issues and asks the Court for the following relief:

a) An order requiring Defendant to reinstate Ms. Campbell to her former position at the CCSO, or an award of front pay in lieu of reinstatement;

b) All economic damages caused by Defendant's unlawful conduct, including back pay, other lost income, and related damages;

c) All compensatory damages caused by Defendant's unlawful conduct, including compensation for humiliation, embarrassment, and extreme emotional harm;

d) Punitive damages in an amount sufficient to adequately punish Defendant and deter him from engaging in similar conduct in the future;

e) Attorneys' fees and costs of litigation; and

f) All other remedies in law and equity that this Court deems proper.

Respectfully submitted on March 31, 2021.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com

EFILED
2019CV03744-12
CLAYTON COUNTY, GA
3/31/2021 9:02 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

**Plaintiff's Consent to Be a Party Plaintiff**

Pursuant to O.C.G.A. § 34-6A-6(a), by my signature below, I hereby consent to be a party plaintiff in this action.

_____
Stephanie Campbell (Sep 26, 2019)

_____
Plaintiff Stephanie Campbell

**Certificate of Service**

I certify that I filed the foregoing document using the Court's electronic filing system on March 31, 2021, which will send email notification of such filing to all counsel of record in this matter.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500