IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHANIE CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>VICTOR HILL, individually and in his<br>Official capacity as Sheriff of Clayton<br>County, Georgia,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>    1:21-CV-01471-CAP CCB |

## **JOINT MOTION TO STAY PROCEEDINGS**

Plaintiff Stephanie Campbell and Defendant Victor Hill, individually and in his official capacity as Sheriff of Clayton County, jointly move for the Court to stay all proceedings here until either Governor Brian Kemp appoints a temporary replacement officer for Defendant Hill to serve as Sheriff of Clayton County or the criminal process of the felony indictment of Defendant Hill runs its course. The parties show the Court as follows:

1.

On April 19, 2021, a federal grand jury issued a four-count, felony indictment of Victor Hill. See United States v. Victor Hill, 1:21-cr-00143-ELR-CCB (N.D. Ga. Apr. 19, 2021). Governor Brian Kemp then received a certified copy of the

indictment on April 29, 2021. See Exhibit A - Executive Order No. 05.19.21.01. Following his receipt, Governor Kemp issued an Executive Order on May 21, 2019 appointing a commission to review the indictment and whether the "sheriff should be suspended from office as required by O.C.G.A. § 45-5-6(c). Id. On June 2, 2021, Governor Kemp "suspended [Hill] from office ... without further action pending the final disposition of the case or until the expiration of his term of office, whichever occurs first, as provided in O.C.G.A. § 45-5-6(c). See Exhibit B - Executive Order No. 06.02.21.01. Under Georgia law, a governor is required to appoint, "[f]or the duration of any suspension of any other public official under this Code section, a replacement officer for the public official shall be appointed as provided for in any applicable general or local law governing the filling of a temporary vacancy in the public office affected." O.C.G.A. § 45-5-6(d)(1). "If no such general law, local law, ordinance, or resolution governing the filling of a temporary vacancy is applicable, *then the Governor shall appoint a replacement officer for the public official suspended*." Id. Governor Kemp did not appoint, however, a replacement officer to fulfill the duties of the office of sheriff for Clayton County.

2.

The vacancy in the office of sheriff for Clayton County presents ethical and logistical concerns as no individual is currently authorized to direct Defendant's legal strategy. As a result, the parties agree that staying this civil action until either Governor Brian Kemp appoints a temporary replacement officer for Defendant Hill to serve as Sheriff of Clayton County or the criminal process of the felony indictment of Defendant Hill runs its course serves the interests of justice and economy.  Other courts in the Northern District of Georgia have similarly stayed pending cases involving Sheriff Hill. See Kyetha Sweeting v. Victor Hill, 1:19-cv-02200-JPB-LTW (N.D. Ga. May 15, 2020) at Doc. 71; Vincent Handsford v. Victor Hill, 1:19-cv-05746-JPB (N.D. Ga. Dec. 20, 2020) at Doc. 75.

3.

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)) (alteration omitted). "Courts have the inherent power to control their own dockets, including the power to stay proceedings." Collegiate Licensing Co. v. Am. Case. Co. of Reading, Pa., 842 F. Supp. 2d 1360, 1369 (N.D. Ga. 2012); Franklin v. Atl. Credit & Fin., No. 1:19-cv-03696-LMM-AJB, 2020 U.S. Dist. LEXIS 255762, at *8 (N.D.

Ga. Apr. 19, 2020). Here, such a stay is warranted because Defendant does not have a person occupying the "office of sheriff" for Clayton County. As a result, no such person can serve as the client overseeing the litigation, authorizing settlement, or directing legal counsel for Defendant on trial strategy.

In this regard, moving forward with litigation will cause irreparable prejudice to both parties. The Parties respectfully submit that this stay is not for the purpose of undue delay and will not prejudice any party.

Respectfully submitted this 8th day of November, 2021.

| | |
|---|---|
| */s/ Regan Keebaugh* | *s/ Timothy M. Boughey* |
| Regan Keebaugh | Brenton S. Bean |
| Georgia Bar No. 535500 | Georgia Bar No. 044351 |
| Radford & Keebaugh, LLC | Timothy M. Boughey |
| 315 W. Ponce de Leon Ave. | Georgia Bar No. 832112 |
| Suite 1080 | **FREEMAN MATHIS & GARY,** |
| Decatur, Georgia 30030 | **LLP** |
| (678) 271-0302 | 100 Galleria Parkway, Suite 1600 |
| regan@decaturlegal.com | Atlanta, Georgia 30339-5948 |
| | T:  770.818.0000 |
| *Counsel for Plaintiff* | F:  770.937.9960 |
| | E:  bbean@fmglaw.com |
| | E:  tboughey@fmglaw.com |
| | |
| | *Counsel for Defendant* |

\