**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **STEPHANIE CAMPBELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | **1:21-cv-01471-CAP-CCB** |
| | ) | |
| **LEVON ALLEN, in his official** | ) | |
| **capacity as the Sheriff of Clayton** | ) | |
| **County, GA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**DEFENDANT'S ANSWER AND DEFENSES**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant Levon Allen, individually and in his official capacity as the Sheriff of Clayton County, Georgia ("Defendant"), and files its Answer to Plaintiff's Second Amended Complaint.

**FIRST DEFENSE**

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant asserts the defenses of Eleventh Amendment, sovereign, governmental, official, absolute, and/or qualified immunity to the extent allowed by

law. To the extent that Defendant is entitled to immunity, Plaintiff's Complaint fails to state a claim within the subject matter jurisdiction of this Court.  In this regard, Defendant Allen in his official capacity is specifically immune from liability under the ADA pursuant to the Eleventh Amendment and Allen is also entitled to qualified and/or official immunity from all claims in his individual capacity.

## THIRD DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

## FOURTH DEFENSE

At all times, Defendant's actions with regard to Plaintiff have been in conformance with all applicable laws, rules, and regulations, and Plaintiff's rights have not been violated.  All of Defendant's actions or omissions with respect to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent any action on which her claims are based occurred more than 180 days prior to the filing of her suit and, therefore, not the subject of or were otherwise outside the scope of this action.

## SIXTH DEFENSE

Defendant at all times acted in good faith and had objectively reasonable grounds to believe that the act(s) or omission(s) identified by Plaintiff did not violate either the ADA, the Rehabilitation Act, or O.C.G.A. § 34-6A-1 *et seq*.

## SEVENTH DEFENSE

Plaintiff's ADA, RA, and O.C.G.A. § 34-6A-1 *et seq*. claims are barred under the same actor defense.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that she was not a qualified individual with a disability as that term is defined by the ADA, the RA, and O.C.G.A. § 34-6A1 *et seq*.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent that she could not perform the essential functions of her position with or without a reasonable accommodation.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that she failed to request a reasonable accommodation. Plaintiff's claims are further barred because O.C.G.A. § 34-6A-1 *et seq*., by its plain language, lacks any provisions requiring disability accommodation.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that accommodation of her alleged disability, if any, would have caused undue hardship.

## TWELFTH DEFENSE

Plaintiff's claims are barred because she did not engage in an interactive process. Instead, after Defendant granted Plaintiff leave from work to adjust, Plaintiff resigned on her own accord without seeking a reasonable accommodation.

## THIRTEENTH DEFENSE

All actions taken by Defendant affecting Plaintiff and/or the terms or conditions of her employment were taken for legitimate, non-discriminatory and non-retaliatory reasons, and, as such, did not violate any legal right possessed by Plaintiff. In the alternative, even if Plaintiff was able to demonstrate that discrimination or retaliation played a motivating part in any action at issue in this case, the same action would have been taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## FOURTEENTH DEFENSE

To the extent any employee, manager, supervisor, or third party engaged in any unlawful conduct as alleged in the Second Amended Complaint, such actions were outside the scope and course of their employment and/or agency and were not

in furtherance of Defendant's business. Any damages that Plaintiff suffered resulted from the acts or omissions of others for whom Defendant is not liable. In addition, Defendant did not have knowledge of, authorize, or ratify the alleged acts.

### FIFTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant assert the affirmative defenses of failure of Plaintiff to avoid consequences, failure to mitigate damages, discharge in bankruptcy, estoppel, injury by fellow servant, laches, res judicata or collateral estoppel, statute of limitations (including but not limited to failure to give timely and proper ante-litem notice), and waiver.

### SIXTEENTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent she has failed to act reasonably to mitigate any damages claimed in the instant case, as required by law.

### SEVENTEENTH DEFENSE

The Second Amended Complaint fails to state a claim for punitive damages because Defendant Allen, in his official capacity, is immune from liability for punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981).

## **EIGHTEENTH DEFENSE**

Defendant never, either intentionally or willfully, violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff or any aspect of her employment. At no time did Defendant act with any intent to injure or otherwise cause harm to Plaintiff.

## **NINTEENTH DEFENSE**

Plaintiff's claims against Defendant Allen, in his individual capacity, are improperly asserted.  There is no individual liability under the ADA, the RA, and/or O.C.G.A. § 34-6A-4.  In turn, Plaintiff's request for compensatory damages for emotional distress under the Rehabilitation Act and O.C.G.A. § 34-6A-4 are improperly asserted because no such damages can be recovered under those statutes, and as noted above, Allen (in his official capacity) has immunity from Plaintiff's claims for damages under the ADA.  Thus, the request for compensatory damages tied to emotional distress, humiliation, embarrassment, etc. are improperly asserted.

Defendant reserves the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation and responds to the unnumbered and numbered allegations of the Second Amended Complaint as follows:

1.

Defendant admits that Plaintiff purports to assert certain claims against Defendant, but denies the allegations pled in Paragraph 1 of the Second Amended Complaint.

2.

Defendant admits that venue is proper. Defendant further admits that Plaintiff seeks to invoke the jurisdiction of this Court. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 2 of the Second Amended Complaint.

3.

Defendant admits that Plaintiff was formerly employed by the Clayton County Sheriff's Office during a time in which Victor Hill served as the elected Sheriff of Clayton County. Defendant denies the remaining allegations set forth in Paragraph 3 of the Second Amended Complaint.

4.

Defendant denies as pled the allegations set forth in Paragraph 4 of the Second Amended Complaint.

5.

Defendant admits that the duly elected Sheriff of Clayton County employed

Plaintiff in the position of Sheriff Services Clerk at various times from approximately March 2013 until her voluntary resignation on May 1, 2019. Except as specifically admitted herein, Defendant denies as pled the allegation set forth in Paragraph 5 of the Second Amended Complaint.

6.

Defendant denies as pled the allegations set forth in Paragraph 6 of the Second Amended Complaint.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Second Amended Complaint and, therefore, denies same.

8.

Defendant denies as pled the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9.

Defendant admits that Plaintiff was assigned to work as a Sheriff Services Clerk in the Jail Operations Division effective April 1, 2019. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 9 of the Second Amended Complaint.

10.

Defendant admits it provided Plaintiff the opportunity to take leave, including under the Family and Medical Leave Act ("FMLA"). Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 10 of the Second Amended Complaint.

11.

Defendant denies the allegations set forth in Paragraph 11 of the Second Amended Complaint.

12.

Defendant denies the allegations set forth in Paragraph 12 of the Second Amended Complaint.

13.

Defendant denies as pled the allegations set forth in Paragraph 13 of the Second Amended Complaint.

## COUNT ONE
### Alleged Disability Discrimination in Violation of O.C.G.A. § 34-6A-4

14.

Defendant incorporates by reference its defenses and responses to all preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

15.

Defendant admits that Paragraph 15 of the Second Amended Complaint recites language from O.C.G.A. §34-6A-4(a). Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 15 of the Second Amended Complaint.

16.

Defendant denies the allegations set forth in Paragraph 16 of the Second Amended Complaint.

17.

Defendant denies the allegations set forth in Paragraph 17 of the Second Amended Complaint.

18.

Defendant denies the allegations set forth in Paragraph 18 of the Second Amended Complaint.

## COUNT TWO
## Alleged Violation of the Rehabilitation Act

19.

Defendant incorporates by reference its defenses and responses to all preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

20.

Defendant admits that Paragraph 20 of the Second Amended Complaint recites language from § 504 of the Rehabilitation Act. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 20 of the Second Amended Complaint.

21.

Defendant denies the allegations set forth in Paragraph 21 of the Second Amended Complaint.

22.

Defendant admits Paragraph 22 contains Plaintiff's description of the scope and application of the Rehabilitation Act. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 22 of the Second Amended Complaint.

23.

Defendant admits Paragraph 23 contains Plaintiff's description of the scope and application of the Rehabilitation Act. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 23 of the Second Amended Complaint.

24.

Defendant denies the allegations set forth in Paragraph 24 of the Second Amended Complaint.

25.

Defendant denies the allegations set forth in Paragraph 25 of the Second Amended Complaint.

26.

Defendant denies the allegations set forth in Paragraph 26 of the Second Amended Complaint.

27.

Defendant denies the allegations set forth in Paragraph 27 of the Second Amended Complaint.

28.

Defendant admits Paragraph 28 of the Second Amended Complaint describes the relief sought by Plaintiff. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 28 of the Second Amended Complaint.

## COUNT THREE
### Alleged Violation of the ADA

29.

Defendant incorporates by reference its defenses and responses to all preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

30.

Defendant admits Paragraph 30 contains Plaintiff's description of the scope and application of the ADA. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 30 of the Second Amended Complaint.

31.

Defendant admits Paragraph 31 contains Plaintiff's description of the scope and application of the ADA. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 31 of the Second Amended Complaint.

32.

Defendant denies the allegations set forth in Paragraph 32 of the Second Amended Complaint.

33.

Defendant denies the allegations set forth in Paragraph 33 of the Second Amended Complaint.

34.

Defendant denies the allegations set forth in Paragraph 34 of the Second Amended Complaint.

35.

Defendant denies the allegations set forth in Paragraph 35 of the Second Amended Complaint.

36.

Defendant admits Paragraph 36 of the Second Amended Complaint describes the relief sought by Plaintiff. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 36 of the Second Amended Complaint.

37.

Defendant denies all other allegations set forth in the Second Amended Complaint.  Defendant further denies the allegations set forth in the unnumbered paragraph that followed Paragraph 36 of the Complaint, including subparts (a) through (f) thereof.

38.

Defendant denies that Plaintiff is entitled to any of the relief requested by Plaintiff in her Prayer for Relief.

WHEREFORE, Defendant respectfully requests that this Court:

1.      Dismiss with prejudice Plaintiff's Second Amended Complaint;

2.      Enter judgment in favor of Defendant and against Plaintiff;

3.      Award Defendant its reasonable attorney's fees, costs, and expenses; and

4.      Award any and all other relief to Defendant that this Court may deem necessary and proper.

        This the 11th day of April, 2023.

                            Respectfully submitted,

                            **FREEMAN MATHIS & GARY, LLP**

                            */s/ John D. Bennett*
100 Galleria Parkway        John D. Bennett
Suite 1600                  Georgia Bar No. 293390
Atlanta, Georgia 30339-5948 Lucas B. Zavoli
T:  (770) 818-0000          Georgia Bar No. 758581
F:  (770) 937-9960
jbennett@fmglaw.com
luke.zavoli@fmglaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that I have prepared this document in Times New Roman, 14-point font,

and that this document otherwise complies with Local Rule 5.1(C).

Respectfully submitted 11th day of April, 2023.

FREEMAN MATHIS & GARY, LLP

*/s/ Lucas B. Zavoli*
John D. Bennett
Georgia Bar No. 293390
Lucas B. Zavoli
Georgia Bar No. 758581
*Attorneys for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
jbennett@fmglaw.com
luke.zavoli@fmglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** to the Clerk of Court using the CM/ECF E-filing system which will automatically send electronic mail notification of such filing to counsel of record in this matter as follows:

Regan Keebaugh
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030

This 11th  day of April, 2023.

*/s/ Lucas B. Zavoli*
Lucas B. Zavoli
Georgia Bar No. 758581
